**KLESTADT & WINTERS, LLP**
570 Seventh Avenue, 17th Floor
New York, NY 10018
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens
Maeghan J. McLoughlin

*Proposed Special Counsel to Plaintiff*
    *Richard E. O'Connell, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                   :
                                                                            :          Chapter 7
HERMAN SEGAL,                                        :
                                                                            :          Case No. 13-45519 (NHL)
                                        Debtor.        :
-----------------------------------------------------------x
RICHARD E. O'CONNELL, as Chapter 7        :
Trustee of the Estate of Herman Segal,          :
                                                                            :
                                        Plaintiff,       :
                                                                            :
            -against-                                        :          Adv. Pro. No. 13-_____
                                                                            :
HERMAN SEGAL,                                        :
                                                                            :
                                        Defendant.  :
-----------------------------------------------------------x

<u>COMPLAINT SEEKING DENIAL OF DEBTOR'S DISCHARGE</u>

        Richard E. O'Connell, as Chapter 7 Trustee (the "<u>Trustee</u>" or "<u>Plaintiff</u>") of the

estate of Herman Segal, the above-captioned debtor (the "<u>Debtor</u>"), by his proposed special

litigation counsel, Klestadt & Winters, LLP, as and for his complaint (the "<u>Complaint</u>") herein

against the Debtor seeking the denial of the Debtor's discharge pursuant to sections 727(a)(3),

(a)(4)(A) and (D), (a)(6)(A), and (a)(11) of Title 11 of the United States Code (the "<u>Bankruptcy</u>

<u>Code</u>"), alleges as follows:

## PRELIMINARY STATEMENT

At the time of filing this Complaint, the Debtor has failed to perform nearly every one of the things he is required to do under the Bankruptcy Code.   In addition, the Debtor has antagonized the Trustee and opposed the Trustee's efforts to investigate the Debtor's financial affairs and liquidate the Debtor's property for the benefit of creditors.   The Trustee has already filed and had granted by this Court a motion to compel the Debtor to comply with his duties under the Bankruptcy Code, including the obligations to file schedules and a statement of financial affairs, to appear for the meeting of creditors and to cooperate with the Trustee generally.   Based upon the foregoing and those reasons set forth below, the Debtor should be denied the benefits of a discharge.

## INTRODUCTION

1.      On September 10, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the Bankruptcy Code.

2.      On or around the Petition Date, Richard E. O'Connell was appointed interim chapter 7 trustee of the Debtor's estate.

3.      On October 15, 2013, Mr. O'Connell presided over the initial meeting of creditors held pursuant to section 341(a) of the Bankruptcy Code, where he duly qualified and is consequently serving as permanent trustee of the Debtor's estate by virtue of section 702(d) of the Bankruptcy Code.

## BASIS FOR RELIEF

4.      This adversary proceeding is brought pursuant to sections 727(a)(3), (a)(4)(A) and (D), (a)(6)(A), and (a)(11) of the Bankruptcy Code.

## JURISDICTION

5.      This Adversary Proceeding relates to the bankruptcy case of *In re Herman Segal,* Debtor, Case No. 13-45519 (Bankr. E.D.N.Y. Sept. 20, 2013), which is pending under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York before the Honorable Nancy Hershey Lord.

6.      This Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012.

7.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).   Plaintiff consents to the entry of final orders or judgments by the Bankruptcy Court with respect to all matters and claims raised by this Complaint.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## PARTIES

9.      The Trustee is a member of the panel of private chapter 7 bankruptcy trustees in this district established by the United States Trustee pursuant to 28 U.S.C. § 586(a)(1).  The Trustee is the duly appointed permanent chapter 7 trustee of the Debtor's estate and is empowered to bring this action.  The Trustee maintains an office for the conduct of business at 24-44 Francis Lewis Blvd., Whitestone, New York 11457.

10.      The Debtor is an individual with a principal place of residence at 4115 Quentin Road, Brooklyn, New York 11234.

3

## FACTS COMMON TO ALL CAUSES OF ACTION

11.     The Debtor filed an emergency voluntary petition [Docket No. 1] (the "Petition") on the Petition Date in order avoid the imminent foreclosure sale of his shares in a cooperative apartment located at Unit #15, 4720 Pinetree Drive, Miami, Florida 33140 (the cooperative shares and related lease are collectively referred to herein as the "Miami Coop").

12.     Maxim Maximov signed the Petition as counsel to the Debtor certifying that he "has no knowledge after an inquiry that the information in the schedules is incorrect."

13.     On the Petition, the Debtor estimated that he had assets worth between $50,001 and $100,000, and liabilities between $0 and $50,000.

14.     The Debtor failed to file the following documents or make the following disclosures with his Petition:

a)  Statement pursuant to Local Bankruptcy Rule 1073-2(b);

b)  Disclosure of Compensation pursuant to Fed. R. Bankr. P. 2016(b);

c)  Summary of Schedules;

d)  Statistical Summary of Certain Liabilities;

e)  Schedule A (Real Property);

f)  Schedule B (Personal Property);

g)  Schedule C (Property Claimed as Exempt);

h)  Schedule D (Creditors Holding Secured Claims);

i)  Schedule E (Creditors Holding Priority Unsecured Claims);

j)  Schedule F (Creditors Holding Unsecured Nonpriority Claims);

k)  Schedule G (Executory Contracts and Unexpired Leases);

l)  Schedule H (Co-Debtors);

m) Schedule I (Income);

n)  Schedule J (Expenses) (all documents referred to in "c" through "n" collectively referred to as the "Schedules");

o)  Declaration Concerning Schedules;

p)  Statement of Financial Affairs (the "SoFA");

q)  Copies of Pay Statements;

r)  Pre-petition Statement pursuant to Local Bankruptcy rule 2017-1; and

s)  Statement of Intention.

(collectively with any outstanding required disclosures, the "Required Disclosures").

15.    On September 12, 2013, the Clerk of this Court (the "Clerk") issued a notice of the Debtor's failure to file the Required Disclosures [Docket No. 4] (the "First Deficiency Notice").  The First Deficiency Notice was mailed by the Clerk to the Debtor and his counsel.

16.    On September 14, 2013, the Clerk issued a notice of the Debtor's meeting of creditors (the "341 Meeting") scheduled for October 15, 2013 [Docket No. 7] (the "341 Meeting Notice").  The 341 Meeting Notice was mailed by the Clerk to the Debtor and his counsel.

17.    Shortly after the Petition Date, counsel to the foreclosing creditor contacted the Trustee and since then, the Trustee, by and through his general counsel, has been trying to make arrangements for the consensual sale of the Miami Coop.

18.    On September 17, 2013, the Trustee made a written demand upon the Debtor's counsel for: (i) turnover of the Debtor's shares in the Miami Coop; (ii) filing of the Schedules and SoFA; and (iii) turnover of copies of the deeds and mortgages to the Debtor's real property located at 4115 Quentin Road, Brooklyn, New York (the "Brooklyn Property").  In that

letter, the Trustee also gave notice to the Debtor's counsel that the Trustee received an offer for the Miami Coop and that the Trustee intended to sell it.

19.    On September 18, 2013, the Debtor's counsel replied to the Trustee's September 17th letter and stated that the Debtor "is partially AWOL," and promised to fulfill the Trustee's requests "if [the Debtor] cooperates."

20.    On October 10, 2013, the Trustee's counsel filed a motion with this Court seeking an order compelling the Debtor to comply with his duties under the Bankruptcy Code and, among other things, file the Required Disclosures [Docket No. 15] (the "Motion to Compel").

21.    On October 10, 2013, the Trustee's counsel filed a motion with this Court seeking an order authorizing the Trustee to examine the Debtor and his wife, Yocheved Segal, a/k/a Yocheved Simon.

22.    On October 15, 2013, the Debtor failed to appear at the 341 Meeting.  At the time of filing this Complaint, the Debtor has not appeared at any 341 Meeting.

23.    On October 24, 2013, the Trustee filed a motion (the "Sale Motion") for an order authorizing him to sell the Miami Coop for $90,200.00 to The Esquire House of M.B., Inc. ("Esquire").

24.    On November 6, 2013, this Court issued an order to show cause why the Debtor's case should not be dismissed for the Debtor's failure to fulfill his requirements under section 521 of the Bankruptcy Code (the "OSC").

25.    On November 19, 2013, the Trustee filed a statement with respect to the OSC arguing that the case should not be dismissed because he had identified and was trying to liquidate assets of the estate.

26.     On November 19, 2013, the Debtor filed an objection to the Sale Motion (the "Sale Objection").  In the Sale Objection, the Debtor stated that the Miami Coop was worth a minimum of $150,000 and should not be sold pursuant to the Sale Motion.

27.     On November 21, 2013, a hearing was held before this Court on the First OSC.  Neither the Debtor nor his counsel appeared at the hearing.  Accordingly, on November 21, 2013, this Court entered an order directing Debtor's counsel, Maxim Maximov, to appear and show cause why he has failed to prosecute this case on December 4, 2013.

28.     On November 21, 2013, the Court entered an order authorizing the Trustee to conduct an examination of the Debtor and Yocheved Segal pursuant to Bankruptcy Rule 2004 (the "Rule 2004 Order").

29.     On December 4, 2013, this Court held a hearing (the "December 4 Hearing") on the OSC and the Sale Motion.  Maxim Maximov and Warren Graham, of-counsel to Maxim Maximov, appeared for the Debtor (collectively, "Debtor's Counsel").  At the hearing, the Court authorized the Trustee to complete the transaction contemplated by the Sale Motion and did not dismiss the case pursuant to the OSC in light of the Trustee's pending investigation and efforts to locate and liquidate assets for the benefit of creditors.

30.     At the December 4 Hearing, Debtor's Counsel represented that the Debtor had approximately $150,000 in tax indebtedness.

31.     At the December 4 Hearing, Debtor's Counsel represented that the Debtor had a buyer willing to purchase the Miami Coop for $115,000, approximately $25,000 more than the current bid from Esquire.

32.     At the December 4 Hearing, the Court adjourned the matter so that the parties could discuss the increased offer to purchase the Miami Coop presented by the Debtor.

However, when the Trustee and his counsel left the courtroom, the Debtor and Debtor's Counsel had already left. Despite numerous attempts to contact Debtor's Counsel to discuss the Debtor's proposed buyer for the Miami Coop, the Debtor and Debtor's Counsel have not provided any information to the Trustee regarding the offer.

33.     The Trustee's counsel has requested that Debtor's Counsel be authorized to accept service of a subpoena to the Debtor and/or Yocheved Segal issued pursuant to the Rule 2004 Order. Debtor's Counsel has refused to accept service of either subpoena.

34.     On December 5, 2013, this Court entered an order granting the Motion to Compel (the "Compel Order"). The Compel Order requires that by no later than December 23, 2013, the Debtor must:

a. File a list of creditors, a schedule of assets and liabilities, and a schedule of current income and current expenditures [11 U.S.C. § 521(a)(1)(A), (B)(i) and (ii)];

b. File a statement of financial affairs [11 U.S.C. § 521(a)(1)(B)(iii)];

c. Surrender to the Trustee all property of the estate and any recorded information, including books, documents records, and papers, relating to property of the estate (collectively, "Books and Records") [11 U.S.C. § 521(a)(4)];

d. Inform the Trustee immediately in writing as to the location of real property in which the Debtor has an interest and the name and address of every person holding money or property subject to the Debtor's withdrawal or order if a schedule of property has not yet been filed pursuant to Bankruptcy Rule 1007 [Bankruptcy Rule 4002(a)(3)]; and

e. Provide certain documents to the Trustee, including evidence of current income, statements for each of the Debtor's depository and investment accounts, including checking savings and money market accounts, mutual funds and brokerage accountants, documentation of monthly expenses claimed by the Debtor, and a current income tax returns [Bankruptcy Rule 4002(b)(2) and (3)].

35.     The Compel Order further directed the Debtor to do the following through the pendency of the case:

a. Cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under the Bankruptcy Code [11 U.S.C. § 521(a)(3)] and cooperate with the Trustee in the administration of the estate [Bankruptcy Rule 4002(a)(4)]; and

b.  Attend and submit to an examination at the next schedule meeting of creditors [Bankruptcy Rule 4002(a)(1)].

### **FIRST CAUSE OF ACTION**
### **Objection to Debtor's Discharge – 11 U.S.C. § 727(a)(3)**

36.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 35 of this Complaint as if fully set forth at length herein.

37.     Pursuant to the Compel Order, section 521(a)(3) of the Bankruptcy Code and Bankruptcy Rule 4002(a)(4), the Debtor is obligated to cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under the Bankruptcy Code and administer the estate.

38.     The Trustee has demanded that the Debtor turn over the Books and Records, and the shares and lease related to the Miami Coop (the "<u>Documents</u>").

39.     The Debtor has not turned over to the Trustee any of the Documents.

40.     The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve the Documents.

41.     The Documents are necessary in order to ascertain the Debtor's financial condition and/or business transactions.

42.     The Debtor's failure to maintain and produce the Documents is not justified under the circumstances of this case.

43.     Based upon the foregoing, this Court should enter a judgment denying the Debtor's discharge pursuant to section 727(a)(3) of the Bankruptcy Code.

**SECOND CAUSE OF ACTION**
**Objection to Debtor's Discharge – 11 U.S.C. § 727(a)(4)(A)**

44.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 43 of this Complaint as if fully set forth at length herein.

45.     The Debtor signed the Petition and thereby declared "under penalty of perjury that the information provided in th[e] [P]etition is true and correct."

46.     On the Petition, the Debtor estimated that he had assets worth only between $50,001 and $100,000.

47.     In his Sale Objection, the Debtor affirmed "under the pains and penalties of perjury," that the Miami Coop is "worth a minimum of $150,000."

48.     At the December 4 Hearing, the Debtor represented that he had located a buyer ready, willing and able to purchase the Miami Coop for $115,000.

49.     On the Petition, the Debtor estimated that he has liabilities between $0 and $50,000.

50.     At the December 4 Hearing, the Debtor represented that he has tax indebtedness of approximately $150,000.

51.     The Debtor knowingly and fraudulently made false oaths and accounts with respect to the value of his assets, the amount of his liabilities and the prospective purchaser for the Miami Coop.

52.     Based upon the foregoing, this Court should enter a judgment denying the Debtor's discharge pursuant to section 727(a)(4)(A) of the Bankruptcy Code.

### THIRD CAUSE OF ACTION
#### Objection to Debtor's Discharge – 11 U.S.C. § 727(a)(4)(D)

53.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 52 of this Complaint as if fully set forth at length herein.

54.    Pursuant to the Compel Order, section 521(a)(3) of the Bankruptcy Code and Bankruptcy Rule 4002(a)(4), the Debtor is obligated to cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under the Bankruptcy Code and administer the estate.

55.    Pursuant to the Compel Order and section 521(a)(4) of the Bankruptcy Code, the Trustee is entitled to possession of the Documents.

56.    The Trustee has demanded that the Debtor turn over the Documents.

57.    The Documents relate to the Debtor's property and/or financial affairs.

58.    The Debtor has withheld the Documents from the Trustee.

59.    Based upon the foregoing, this Court should enter a judgment denying the Debtor's discharge pursuant to section 727(a)(4)(D) of the Bankruptcy Code.

### FOURTH CAUSE OF ACTION
#### Objection to Debtor's Discharge – 11 U.S.C. § 727(a)(6)(A)

60.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 59 of this Complaint as if fully set forth at length herein.

61.    Pursuant to the Compel Order, section 521(a)(3) of the Bankruptcy Code and Bankruptcy Rule 4002(a)(4), the Debtor is obligated to cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under the Bankruptcy Code and administer the estate.

62.    The Debtor has refused to authorize his counsel to accept service of a subpoena or subpoenas issued by the Trustee pursuant to the 2004 Order.

63.    The Debtor has refused and/or failed to turn over or produce the Documents.

64.    The Debtor has otherwise failed to cooperate with the Trustee and has frustrated the Trustee's efforts to perform his duties and administer the Debtor's estate.

65.    Pursuant to the Compel Order, the Debtor must file the Required Disclosures by December 23, 2013.

66.    As of the date of this Complaint, the Debtor has not filed any of the Required Disclosures.

67.    Based upon the foregoing, this Court should enter a judgment denying the Debtor's discharge pursuant to section 727(a)(6)(A) of the Bankruptcy Code.

## FIFTH CAUSE OF ACTION
### Objection to Debtor's Discharge – 11 U.S.C. § 727(a)(11)

68.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 67 of this Complaint as if fully set forth at length herein.

69.    The Debtor has failed to complete an instructional course concerning personal financial management described in section 111 of the Bankruptcy Code.

70.    Based upon the foregoing, this Court should enter a judgment denying the Debtor's discharge pursuant to section 727(a)(11) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

71.    The deadline to file this Complaint is currently December 16, 2013. However, as a result of the Debtor's recalcitrance and failure to file Schedules, file a SoFA and filed any of the other Required Disclosures, or appear at a 341 Meeting, the Trustee's

investigation is in its infancy.  It is anticipated that the Trustee will discover additional grounds for objecting to the Debtor's discharge as this case progresses.  Accordingly, the Trustee reserves the right to amend this Complaint upon the discovery of additional facts warranting an objection to the Debtor's discharge.

**WHEREFORE**, Trustee respectfully requests that a judgment be entered against the Debtor denying his discharge and granting such other and further relief as this Court deems just.

Dated:   New York, New York
       December 16, 2013

**KLESTADT & WINTERS, LLP**

By:  /s/ Fred Stevens
    Fred Stevens
    Maeghan J. McLoughlin
    570 Seventh Ave., 17th Floor
    New York, New York 10018
    Tel: (212) 972-3000
    Fax: (212) 972-2245
    Email: fstevens@klestadt.com
        mmcloughlin@klestadt.com

*Proposed Special Litigation Counsel to Plaintiff Richard E. O'Connell, Chapter 7 Trustee*